UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RYAN VERMILLION, | ) |   |
|---|---|---|
| Plaintiff, | ) |   |
| v. | ) | No. 3:14 CV 529 |
| PERU CITY OF, ET AL., | ) |   |
| Defendants. | ) |   |

## OPINION AND ORDER

This matter is before the court on defendants Bill Raber, Steve Gough, James Walker, Bill Berkshire, Chris Betzner, the Peru Police Department, J.O. Buffington, Andrew Johnson, and the City of Peru's partial motion to dismiss plaintiff Ryan Vermillion's complaint. (DE # 6.) Plaintiff has not filed a response, and the time to do so has now passed. For the following reason, defendants' motion to dismiss is granted in part and denied in part.

### I. Facts and Background

Plaintiff's complaint is sparse, and the court must treat the facts alleged in the complaint as true for purposes of evaluating defendants' motion to dismiss. On February 26, 2012, plaintiff was detained and arrested by City of Peru police officers Buffington and Johnson. (DE # 3 at 2.) During his arrest, plaintiff was "battered" by Buffington and Johnson, which resulted in plaintiff suffering a physical injury. (*Id.*) As a result of this incident, plaintiff filed suit against defendants alleging the following claims: "intentional battery" against Buffington and Johnson (*id.* at 2), "negligent

battery" against Buffington and Johnson (*id.* at 3), and a 42 U.S.C. § 1983 claim for excessive force against all defendants. (*Id.* at 3-4.) In his complaint, plaintiff alleges that defendant Bill Raber is the Chief of Police for the City of Peru, that James Walker is the Mayor of Peru, and that defendants Raber, Steve Gough, Walker, Bill Berkshire, and Chris Betzner make up the City of Peru Board of Works. (*Id.* at 1.) Defendants have now moved to dismiss portions of plaintiff's complaint. (DE # 6.)

## II.     Legal Standard

Defendants have moved to dismiss plaintiff's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a RULE 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

2

plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

III.  Analysis

A. Plaintiff's Claims Against Defendants Raber, Gough, Walker, Berkshire, and Betzner

In their motion to dismiss, defendants argue that all of plaintiffs' claims against defendants Raber, Gough, Walker, Berkshire, and Betzner must be dismissed. (DE # 6 at

3

2.) First, defendants argue that plaintiff has failed to state a claim against these defendants for battery because the complaint "fails to allege that [Raber, Gough, Walker, Berkshire, and Betzner] made any harmful or offense [sic] contact with plaintiff." (*Id.* at 2.) "'[A]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.'" *Mullins v. Parkview Hosp., Inc.*, 865 N.E.2d 608, 610 (Ind. 2007) (quoting Restatement (Second) of Torts § 13 (1965)).[1]

It does not appear from plaintiff's complaint that plaintiff is bringing a battery claim against Raber, Gough, Walker, Berkshire, or Betzner. (DE # 3.) To the extent that plaintiff is alleging a battery claim against any of these defendants, however, the court agrees that plaintiff has failed to allege any facts or present any argument that would support a claim that these defendants are liable for battery. Defendants' motion to dismiss will therefore be granted on this ground.

Defendants also argue that plaintiff has failed to allege facts that would support a claim that Raber, Gough, Walker, Berkshire, and Betzner are liable under Section 1983.

---

[1] As noted earlier, in addition to alleging that defendants are liable for intentional battery, plaintiff also alleged that defendants are liable for "negligent battery." "Negligent battery, of course, does not exist: battery is an intentional tort, not a tort of negligence." *Boruff v. Jesseph,* 576 N.E.2d 1297, 1298 n.3 (Ind. Ct. App. 1991). Plaintiff has not responded to defendants' motion to dismiss to elaborate on his "negligent battery" theory. Therefore, the court will treat both claims as an intentional battery claim.

(DE # 6 at 2.) In his complaint, plaintiff appears to bring a Section 1983 claim against these defendants in both their individual and official capacities. (DE # 3 at ¶ 2.)

"An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Kuhn v. Goodlow,* 678 F.3d 552, 556 (7th Cir. 2012) (citation and quotation omitted) (emphasis in original); *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983) (same); *see also Drago v. Winnebago County Jail Staff*, No. 12 C 50116, 2013 WL 6512479, at *5 (N.D. Ill. Dec. 11, 2013) ("To hold a party liable in their individual capacity under 42 U.S.C. § 1983, a plaintiff must allege the individual was personally involved in the alleged constitutional deprivation."). Plaintiff's complaint lacks any facts that would indicate these defendants were in any way personally involved in plaintiff's arrest. Therefore, defendants' motion to dismiss will be granted as it relates to plaintiff's Section 1983 claim against Raber, Gough, Walker, Berkshire, and Betzner in their individual capacities.

Plaintiff, however, also brings this claim against these defendants in their official capacities. A suit against a city employee in their official capacity is essentially a suit against the city itself. *Jungels v. Pierce,* 825 F.2d 1127, 1129 (7th Cir. 1987); *see also Jones v. City of Elkhart*, Cause No. 2:10–CV–402, 2012 WL 5947707, at *15 (N.D. Ind. Nov. 28, 2012). Thus, plaintiff's claim against these employees in their official capacities are actually claims against the City of Peru, and will be analyzed below.

**B. Plaintiff's Claim Against The City of Peru Police Department**

Defendants argue that the City of Peru Police Department must be dismissed because it is not a legal entity capable of being sued. (DE # 6 at 3.) Defendants are correct that the Peru Police Department is not an entity that can be sued, and therefore, defendants' motion to dismiss will be granted as it relates to the Peru Police Department. *Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").

**C. Plaintiff's Battery Claim Against Buffington and Johnson**

Defendants argue that plaintiff's state law battery claim against Buffington and Johnson must be dismissed pursuant to the Indiana Tort Claims Act. (DE # 6 at 3.) Defendants direct the court to Ind. Code. § 34-13-3-5, which states, in part:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>
> (1) criminal;
>
> (2) clearly outside the scope of the employee's employment;
>
> (3) malicious;
>
> (4) willful and wanton; or
>
> (5) calculated to benefit the employee personally.
>
> The complaint must contain a reasonable factual basis supporting the allegations.

6

Ind. Code. § 34-13-3-5(c). Defendants argue that plaintiff has failed to allege any facts that would support an inference that the Buffington and Johnson's actions were criminal, outside the scope of their employment, malicious, willful and wanton, or calculated to benefit these defendants personally, as required by Ind. Code. § 34-13-3-5(c). (DE # 6 at 4.)

The factual allegations in his complaint are sparse, but plaintiff has alleged that during his encounter with defendants Buffington and Johnson on February 26, 2012, he was "battered" by those officers, which resulted in plaintiff suffering a physical injury. (DE # 3 and 2.) Although the complaint does not go into further detail about the alleged incident, at this stage of the litigation, the allegation that the officers "battered" him is sufficient to create a reasonable factual basis to suggest criminal conduct took place. *See Richmond v. Swinford*, No. 2:12–CV–243, 2012 WL 5903808, at *3 (N.D. Ind. Nov. 26, 2012); *see also* Ind. Code. § 35-42-2-1. Therefore, defendants' motion to dismiss will be denied as it relates to plaintiffs' state law battery claim against Buffington and Johnson.

**D. Plaintiff's Claim Against the City Of Peru**

Defendants also argue that plaintiff's Section 1983 claim against the City of Peru must be dismissed for failing to properly allege municipal liability. (DE # 6 at 4-5.) A plaintiff can establish municipal liability under Section 1983 by producing evidence of:

> "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997)); *see also Gonzalez v. Vill. of W. Milwaukee,* 671 F.3d 649, 664 (7th Cir. 2012). Thus, to state a claim for municipal liability, "a plaintiff must plead the constitutional violation was caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Drager v. Village of Bellwood*, 969 F.Supp.2d 971, 981 (N.D. Ill. 2013).

Plaintiff has not done that in this case. Although plaintiff sues several defendants in their official capacities and the City of Peru, he has not alleged the constitutional violation set out in his complaint (excessive force) was the result of an express municipal policy, a widespread practice, or a decision by an official with final policymaking authority. In fact, plaintiff's complaint lacks any factual detail that would indicate that the City of Peru was in any way directly or indirectly involved in his arrest in a way that would be relevant to municipal liability. Defendants' motion to dismiss will therefore be granted as to plaintiff's Section 1983 claim against the City of Peru.

## IV. Conclusion

For the foregoing reasons, defendants' partial motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss is **GRANTED** as it relates to the following claims, which are now dismissed: Plaintiffs' Section 1983 claim against

defendants Bill Raber, Steve Gough, James Walker, Bill Berkshire, and Chris Betzner;[2] plaintiff's Section 1983 claim against the City of Peru; and plaintiff's Section 1983 claim against the City of Peru Police Department. Defendants' motion to dismiss is **DENIED** as it relates to plaintiff's state law battery claim against J.O. Buffington and Andrew Johnson. The only claims that remain in this case are plaintiff's state law battery claim and Section 1983 individual capacity claim against defendants Buffington and Johnson.

**SO ORDERED.**

Date: August 14, 2014

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] As noted above, to the extent that plaintiff is also alleging a battery claim against any of these defendants, that claim is dismissed too.